In the Matter of MICHAEL PATRICK FOGARTY, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, N. Y., INC., and ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioners.

Second Department, May 14, 1973.

*Jack Korshin* for Bar Association of Nassau County, N. Y., Inc., petitioner.

*John G. Bonomi* (*Albert L. Richter* of counsel), for Association of the Bar of the City of New York, petitioner.

*Smith & Reiher* (*Robert L. Callahan* of counsel), for respondent.

*Per Curiam.* By order of this court, dated May 15, 1972, Mr. Justice BERNARD McCAFFREY was designated to hear the issues and report his findings thereon, in these consolidated disciplinary proceedings instituted upon the separate petitions of the Bar Association of Nassau County, N. Y., Inc. (hereinafter "Nassau County Bar Association") and the Association of the Bar of the City of New York (hereinafter "Association

of the Bar '') with respect to the respondent, an attorney and counselor at law, admitted to practice law by this court on December 15, 1954. The proceeding based upon the petition of the Association of the Bar was referred to this court by order of the Appellate Division, First Judicial Department.

The petition of the Nassau County Bar Association charges the respondent with neglect of the interests of a client as a defendant in a certain action, as a result of which a default judgment was entered against the latter. The action, commenced in 1966, was to recover an alleged rent overcharge of $603.45. When the action came on for trial in March, 1967 the respondent sought to apply for an adjournment by delivering an affidavit therefor to a lawyers' service agency for submission to the court. The affidavit was not submitted and, on the same date, a default judgment was entered. In March, 1968, after a Sheriff's levy was made upon the client's property, the respondent learned of the default judgment. Thereafter, on the respondent's application, an order was entered opening the default and vacating the judgment. On the new date set for trial, there was another default, as a consequence of which a default judgment was again entered. Thereafter, the petition charges, the respondent abandoned his client's cause without any justification and refused to take any further action on his behalf.

Mr. Justice McCAFFREY found that the respondent '' failed in his duty to ascertain whether the affidavit applying for an adjournment had been submitted to the court '' and '' to ascertain what disposition the court had made of such application until almost a year thereafter ''. The Justice further found that while the petitioner had not sustained the burden of proof that the respondent had '' abandoned his client without justification '' the respondent had improperly terminated his services.

The petition of the Association of the Bar alleges three separate charges, in substance as follows: (a) the respondent neglected to prosecute a property damage claim of his client, as a result of which the claim became time-barred, and misled the client as to the status of the matter; (b) the respondent failed to properly represent the same client and his wife in connection with an income tax audit and failed to return their papers to them despite numerous requests therefor; and (c) the respondent failed to co-operate with the petitioner's Committee on Grievances.

The reporting Justice found that charge (c) was sustained and that charges (a) and (b) were sustained in part.

The petitioner Nassau County Bar Association now moves to confirm so much of the report as sustained the charges in part and to disaffirm so much of the report as found the charges not sustained in part; the petitioner Association of the Bar moves to confirm so much of the report as found part of the charges made by this petitioner to have been sustained; and the respondent cross-moves to confirm the report insofar as it found the charges of the Nassau County Bar Association not to have been sustained and, as to the findings made with respect to the charges of the Association of the Bar, "concedes that the findings * * * are sustained by the evidence".

In our opinion, the findings of the Justice with respect to the aforesaid charges are fully sustained by the proof and the report should in all respects be confirmed. Accordingly, the motion of the petitioner Nassau County Bar Association is granted insofar as it is to confirm the report and is otherwise denied; the motion of the petitioner Association of the Bar and the cross motion of the respondent are granted; and the report is confirmed in its entirety.

In view of certain mitigating circumstances which are disclosed by the record, we deem the appropriate measure of discipline to be a censure. Accordingly, the respondent is hereby censured for his misconduct.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.